UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE ROBINSON

----------------------------------------------------------------x

JESSE SAHAGUN,

                            Plaintiff,

'08 CIV 5052

Civil Action No.:

          -against-

INVACARE CORPORATION, IN MOTION
CONCEPTS, LLC and PRAXAIR TECHNOLOGY,
INC.,

**NOTICE OF REMOVAL**

                          Defendants.

----------------------------------------------------------------x

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK:

       Defendant INVACARE CORPORATION, by and through its attorneys, Sedgwick,

Detert, Moran & Arnold, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 hereby

files this Notice of Removal of this civil action from the Supreme Court of the State of New

York, Westchester County, to the United States District Court for the Southern District of

New York. The grounds for removal are as follows:

       1.     On or about May 1, 2008, an action was commenced against defendants

INVACARE CORPORATION ("Invacare"), MOTION CONCEPTS LP i/s/h as "IN MOTION

CONCEPTS, LLC" and PRAXAIR TECHNOLOGY, INC. ("Praxair") in the Supreme Court of

the State of New York, Westchester County, by plaintiff JESSE SAHAGUN. The suit is

captioned in the Supreme Court of the State of New York as *Jesse Sahagun v. Invacare*

*Corporation, In Motion Concepts, LLC and Praxair Technology, Inc.*, Index No. 10018/08.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:

2.    Invacare was served with a copy of the Summons and Verified Complaint, attached hereto as "Exhibit A," on or about May 12, 2008. The filing of this Notice of Removal is therefore timely because it is made within thirty (30) days of May 12, 2008, the date Invacare first received notice that this action was removable on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a).

3.    Based upon review of the Verified Complaint, Invacare is informed and believes that plaintiff is now and was at the time of filing in his Verified Complaint, a citizen of the State of New York.

4.    Invacare is now and was at the time of the filing of the Verified Complaint an Ohio corporation with its principle place of business in Ohio. Thus, Invacare should be deemed a citizen of Ohio for the purposes of this Notice of Removal.

5.    Motion Concepts LP i/s/h as "In Motion Concepts, LLC" is now and was at the time of the filing of the Verified Complaint, a corporation incorporated under the laws of Canada with it principle place of business in Concord, Ontario, Canada. Thus, Motion Concepts LP should be deemed a citizen of Canada for the purposes of this removal.

6.    Praxair is now and was at the time of the filing of the Verified Complaint, a corporation incorporated under the laws of the State of Delaware with its principle place of business in Connecticut. Thus, Praxair should be deemed a citizen of Delaware and Connecticut for the purposes of this removal.

7.    Based upon the foregoing, none of the parties in interest properly joined and served as defendants are citizens of the State of New York.

2

8.    This is a civil action and, upon information and belief, plaintiffs seek damages in excess of $75,000.00, exclusive of interest and costs.

9.    Accordingly, the above-referenced action between plaintiffs and defendants is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Invacare, pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446, in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10.    In satisfaction of the "unanimity rule" of 28 U.S.C. § 1446(a), on May 28, 2008, duly authorized representatives of Motion Concepts LP and Praxair have consented to the removal of this action.

11.    Pursuant to Rule 81.1(b), Local Rules of the United States District Court for the Southern District of New York, Invacare will file with the Clerk of this Court, within twenty (20) days after filing this Notice of Removal, a copy of all records and proceedings in the state court from which this case is removed.

12.    Pursuant to 28 U.S.C. § 1446(d), Invacare has served a copy of this Notice upon counsel for plaintiff, counsel for Motion Concepts LP as well as the corporate office of defendant Praxair, and has filed a copy of this Notice with the Clerk of the Supreme Court for the State of New York, Westchester County.

NY/526739v1

**WHEREFORE**, defendant Invacare Corporation respectfully requests that this matter, currently pending in the Supreme Court of the State of New York, Westchester County, Index No. 10018/08, be removed to this Honorable Court.

Dated: New York, New York
June 2, 2008

Yours, etc.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____

Scott L. Haworth (SH 5890)
Attorneys for Defendant
INVACARE CORPORATION
125 Broad Street - 39th Floor
New York, New York 10004-2400
(212) 422-0202

TO:    Richard S. Vecchio, Esq.
Worby Groner Edelman, LLP
11 Martine Avenue, Penthouse
White Plains, New York 10606
(914) 686-3700
Attorneys for Plaintiff

Lawrence R. Green, Esq.
Lester, Schwab, Katz & Dwyer, LLP
120 Broadway, 38th Floor
New York, New York 10271
(212) 964-6611
Attorneys for Motion Concepts, LP

Praxair Technology, Inc.
39 Old Ridgebury Road
Danbury, Connecticut 06810

4

NY/526739v1

*To Gretchen Schuler*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

————————————————————————x

JESSE SAHAGUN,

Plaintiff,

-against-

INVACARE CORPORATION, IN MOTION CONCEPTS,
LLC., and PRAXAIR TECHNOLOGY, INC.

Defendants.

————————————————————————x

Index No: *100/8/08*

**S U M M O N S**

Plaintiff designates
Westchester County

Basis of venue
Plaintiff's residence

Plaintiff resides at:
60 Union Avenue
New Rochelle, NY

RECEIVED

MAY - 1 2008

TIMOTHY C. IDONI
COUNTY CLERK
CITY OF WESTCHESTER

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs Attorneys summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
         April 23, 2008

Yours, etc.,

WORBY GRONER EDELMAN, LLP
Attorneys for Plaintiff

By: Richard S. Vecchio
11 Martine Avenue, Penthouse
White Plains, New York 10606
(914) 686-3700
File No.: 3177

MAY 1 9 2008

Invacare Corporation

Defendant's Address:
INVACARE CORPORATION
1 Invacare Way
Elyria, Ohio 44036

IN MOTION CONCEPTS, LLP
P.O. Box 220
Hamilton, New York  13346

PRAXAIR, TECHNOLOGY, INC.
39 Old Ridgebury Road
Danbury, Connecticut 06810

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---------------------------------------------------------------x     Index No.

JESSE SAHAGUN,                                                         *10018/08*

                                        Plaintiff,

             -against-

                                                                      **VERIFIED**
                                                                      **COMPLAINT**
INVACARE CORPORATION, IN MOTION CONCEPTS,        ~~RECEIVED~~
LLC., and PRAXAIR TECHNOLOGY, INC.
                                        Defendants.                   MAY – 1 2008

---------------------------------------------------------------x      TIMOTHY C. IDONI
                                                                      COUNTY CLERK
                                                                      COUNTY OF WESTCHESTER

        Plaintiff, by his attorneys, **WORBY GRONER EDELMAN LLP**, as and for his

complaint against defendants, alleges upon information and belief as follows:

                        ## AS AND FOR A FIRST CAUSE OF ACTION

        1.      That at the time of the commencement of this action plaintiff resided in

Westchester County, State of New York.

        2.      That this action falls under one or more of the exceptions of CPLR 1602,

including, but not limited to subsections 2 and 7.

        3.      That at all times herein mentioned defendant, INVACARE

CORPORATION (hereinafter "INVACARE") was and still is a domestic corporation duly

authorized and existing under and by virtue of the laws of the State of New York.

        4.      That at all times herein mentioned defendant, INVACARE was and still is

a foreign corporation duly authorized to do business in the State of New York.

        5.      That at all times herein mentioned defendant INVACARE maintained its

principal place of business at 1 Invacare Way, Elyria, Ohio.

6.     That prior to April 9, 2007, defendant INVACARE was and still is a home medical supply company manufacturing and distributing home medical products/equipment to patients at home.

7.     That prior to April 9, 2007, defendant INVACARE regularly did and solicited business in New York State and engaged in persistent course of conduct and derived substantial revenue from goods sold in New York State.

8.     That prior to April 9, 2007, defendant INVACARE expected or should reasonably have expected its business to have consequences in New York State and derived substantial revenue from its interstate or international commerce.

9.     That prior to April 9, 2007, defendant INVACARE was the retailer of a Ranger X Series Wheelchair, together with its component parts (hereinafter referred to as the "wheelchair").

10.     That prior to April 9, 2007, defendant INVACARE was the manufacturer of the wheelchair.

11.     That prior to April 9, 2007, defendant INVACARE designed the wheelchair.

12.     That prior to April 9, 2007, defendant INVACARE warranted that the wheelchair was fit for the purpose for which it was intended.

13.     That prior to April 9, 2007, defendant INVACARE assembled the wheelchair.

14.     That prior to April 9, 2007, defendant INVACARE distributed the

2

wheelchair.

15     That at all times herein mentioned defendant, IN MOTION CONCEPTS, LLC (hereinafter "MOTION") was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the State of New York.

16.     That at all times herein mentioned defendant, MOTION was and still is a foreign corporation duly authorized to do business in the State of New York.

17.     That at all times herein mentioned defendant MOTION maintained its principal place of business in Hamilton, New York.

18.     That prior to April 9, 2007, defendant MOTION was and still is a home medical supply company manufacturing and distributing home medical products/equipment to patients at home.

19.     That prior to April 9, 2007, defendant MOTION regularly did and solicited business in New York State and engaged in persistent course of conduct and derived substantial revenue from goods sold in New York State.

20.     That prior to April 9, 2007, defendant MOTION expected or should reasonably have expected its business to have consequences in New York State and derived substantial revenue from its interstate or international commerce.

21.     That prior to April 9, 2007, defendant MOTION was the retailer of the wheelchair.

22.     That prior to April 9, 2007, defendant MOTION was the manufacturer of the wheelchair.

3

23.    That prior to April 9, 2007, defendant MOTION designed the wheelchair.

24.    That prior to April 9, 2007, defendant MOTION warranted that the wheelchair was fit for the purpose for which it was intended.

25.    That prior to April 9, 2007, defendant MOTION assembled the wheelchair.

26.    That prior to April 9, 2007, defendant MOTION distributed the wheelchair.

27.    That at all times herein mentioned defendant, PRAXAIR TECHNOLOGY, INC. (hereinafter "PRAXAIR") was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the State of New York.

28.    That at all times herein mentioned defendant, PRAXAIR was and still is a foreign corporation duly authorized to do business in the State of New York.

29.    That at all times herein mentioned defendant PRAXAIR maintained its principal place of business at 39 Old Ridgebury Road, Danbury, State of Connecticut.

30.    That prior to April 9, 2007, defendant PRAXAIR was and still is a home medical supply company manufacturing and distributing home medical products/equipment to patients at home.

31.    That prior to April 9, 2007, defendant PRAXAIR regularly did and solicited business in New York State and engaged in persistent course of conduct and derived substantial revenue from goods sold in New York State.

32.    That prior to April 9, 2007, defendant PRAXAIR expected or should reasonably have expected its business to have consequences in New York State and

4

derived substantial revenue from its interstate or international commerce.

33.    That prior to April 9, 2007, defendant PRAXAIR was the retailer the wheelchair.

34.    That prior to April 9, 2007, defendant PRAXAIR was the manufacturer of the wheelchair.

35.    That prior to April 9, 2007, defendant PRAXAIR designed the wheelchair.

36.    That prior to April 9, 2007, defendant PRAXAIR warranted that the wheelchair was fit for the purpose for which it was intended.

37.    That prior to April 9, 2007, defendant PRAXAIR assembled the wheelchair.

38.    That prior to April 9, 2007, defendant PRAXAIR distributed the wheelchair.

39.    On April 9, 2007 Plaintiff, JESSE SAHAGUN was in the wheelchair, crossing the street at the corner of Memorial Highway and Station Plaza, New Rochelle, New York, when the wheelchair malfunctioned, causing him to fall.

40.    When Defendants, individually and/or jointly, through their agents, servants, representatives and/or employees sold, designed, manufactured, assembled, distributed and/or shipped the wheelchair and its component parts, Defendants represented and declared to Plaintiff, who relied thereon, that the wheelchair and its component parts had been sold, designed, manufactured, assembled, distributed, shipped and inspected by Defendants, had been and were then and there properly installed therein; and that the

5

wheelchair and its component parts were capable of being operated and used and enduring the use to which similar wheelchairs and their component parts were sold, manufactured, assembled, distributed and shipped by Defendants were put.

41.     The aforesaid injuries were caused by the negligence, recklessness and carelessness of the Defendants, individually and/or jointly, their agents, servants, representatives and/or employees in negligently, recklessly and carelessly selling, designing, constructing, assembling, installing and repairing of, inter alia, all the necessary component parts of the wheelchair; and in allowing and permitting the wheelchair to be put into the stream of commerce when the Defendants knew, or should have known, that the wheelchair was not fit for use; in failing to adequately test the wheelchair; in failing to warn operators of the wheelchair that it was unsafe and dangerous; in failing to provide written instructions and warnings with the wheelchair; in allowing the wheelchair to break apart; in failing to select a competent designer, manufacturer and supplier; in failing to warn or to warn adequately of the dangers associated with the use of the wheelchair; in failing to exercise due care in the manufacture and design of the wheelchair; in failing to assemble the machine and motor properly; in failing to exercise due care in any aspect of the production or distribution process; in failing to readily discover a discoverable defect; in failing to adequately test component parts; in failing to make a reasonable inspection for defects in the wheelchair and its component parts which it had selected for the manufacturing and assembly process; in failing to reasonably foresee and be cognizant of the characteristics of the wheelchair and the uses to which it would be put; in unreasonably

6

designing the wheelchair in such a manner so as to cause injury; in failing in its duty to warn consumers and users of said wheelchair as to any conditions which would cause injury to operators; in failing to research and/or utilize appropriate data for safe design criteria; in failing to properly instruct plaintiff on its use; and in failing to equip the wheelchair with proper brackets and/or mechanisms to avoid its breakage.

42.    That on April 9, 2007, relying upon all of the aforesaid warranties, Plaintiff, proceeded to use the aforesaid wheelchair in accordance with its intended use.

43.    That on April 9, 2007, plaintiff, while in the subject wheelchair, in accordance with its intended use, plaintiff was caused to suffer and sustain severe permanent personal injuries as hereinafter set forth.

44.    That the aforesaid accident was caused solely and wholly by reason that defendants, individually and/or jointly breached their warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

45.    That solely by reason of the aforesaid accident the plaintiff became sick, sore, lame and disabled, and suffered great physical and mental pain; suffered nervous shock and severe and permanent injuries to various parts of his body; suffered nervous shock and injury to his nerves and nervous system, and suffered great conscious pain and suffering, all to plaintiff's damage in a sum which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction over this action.

7

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

46.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "45", with same force and effect as those set forth herein and at length.

47.     That at the time of the aforesaid occurrence, the wheelchair was being used for the purpose and in the manner normally intended.

48.     Plaintiff could not by the exercise of reasonable care have discovered the defect and perceived its danger.

49.     That at the time of the aforesaid occurrence, the wheelchair did not perform as intended by the Defendants.

50.     That the wheelchair was defective when it left the Defendants' possession.

51.     That the Defendants held themselves out to possess special skill and judgment with respect to the design, manufacture, production, assembly, distribution; sale; repairs, maintenance, refurbishing, and inspection of the wheelchair.

52.     That the Defendants had actual or constructive notice of the aforesaid defective design, manufacture, assembly, repairs, refurbishing, and inspecting of the wheelchair.

53.     That Plaintiff was a person who could reasonably be expected by Defendants to be a user of the wheelchair.

8

54.    That by reason of the foregoing the defendants are liable for breach of implied warranty in tort.

55.    That as a result of the foregoing, plaintiff sustained serious and permanent personal injuries.

56.    That the aforesaid wheelchair was dangerous and defective and that said defects were a substantial factor in causing the injuries to the Plaintiff.

57.    That the Defendants, individually and/or jointly, their agents, servants and/or employees represented and warranted that the aforesaid wheelchair, its component parts and/or appurtenances thereto were safe and fit for the use and were of merchantable quality.

58.    That the aforesaid representations and warranties were untrue in that the wheelchair and its component parts and/or appurtenances thereto were not fit nor safe for use and were not of merchantable quality, which warranties were both expressed and implied.

59.    That as a result of the foregoing, plaintiff was damaged in a sum which exceeds the jurisdictional limitations of all lower courts for compensatory damages.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

60.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "59", with same force and effect as those set forth herein and at length.

9

61.    That by reason of the foregoing, defendants are liable to Plaintiff herein under the Doctrine of Strict Liability in tort.

62.    That as a result of the foregoing, plaintiff was damaged in a sum which exceeds the jurisdictional limitations of all lower courts for compensatory damages.

**WHEREFORE**, plaintiffs demand judgment against the defendants in a sum which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction over this action in the first cause of action; in a sum which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction over this action in the second cause of action; in a sum which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction over this action in the third cause of action together with the interest, costs and disbursements of this action.

Dated:  White Plains, New York
        April 28 , 2008

                                        Yours, etc.

                                        Richard S. Vecchio
                                        Worby Groner Edelman LLP
                                        Attorneys for Plaintiff
                                        11 Martine Avenue
                                        White Plains, New York  10606
                                        (914) 686-3700
                                        File # 3177

10

# VERIFICATION

State of New York     )

                              )ss:

County of New York  )

 

 

     JESSE SAHAGUN, being duly sworn, deposes and says that I am the plaintiff in the action herein.  I have read the annexed COMPLAINT, know the contents thereof, and the same are true to the best of my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

 

                                  _____
                                      JESSE SAHAGUN

Sworn to before me this
16th day of April, 2008

_____
       Notary Public
     S. CHRIS CHURCH
NOTARY PUBLIC, State of New York
      No. 02CH6037255
   Qualified in New York County
Commission Expires: 6/29/2010

07181-6F · 07182-IN · 07183-GY · 07384-WH
800.222.0510 www.salegal.com

*Index No.* ..................    *Year 20* ........

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

JESSE SAHAGUN,

Plaintiff,

-against-

INVACARE CORPORATION, MOTION CONCEPTS, INC. and PRAXAIR TECHNOLOGY, INC.

Defendants.

## SUMMONS AND COMPLAINT

WORBY GRONER EDELMAN LLP

COUNSELLORS AT LAW

*Attorneys for*    **Plaintiff**

11 MARTINE AVENUE

WHITE PLAINS. NEW YORK 10606

(914) 686-3700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ......................    Signature ............................

    Print Signer's Name ............................

*Service of a copy of the within*    *is hereby admitted.*

*Dated:*

    *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ *that the within is a (certified) true copy of a*
NOTICE OF *entered in the office of the clerk of the within-named Court on*    20
ENTRY

☐ *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF *Hon.*                *, one of the judges of the within-named Court,*
SETTLEMENT *at*
    *on*        20    *, at*        *M.*

*Dated:*

    WORBY GRONER EDELMAN LLP

    COUNSELLORS AT LAW

    *Attorneys for*

*To:*    11 MARTINE AVENUE

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
 INVACARE CORPORATION                                SAHAGUN, JESSE


   DALE C LAPORTE
   1 INVACARE WAY
   ELYRIA,  OH 44036-2125


   Dear Sir/Madam:
   Enclosed herewith is a legal document which was served upon the Secretary of
   State on 05/12/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
    This copy is being transmitted pursuant to such statute to the address
   provided for such purpose.


                                             Very truly yours,
                                          Division of Corporations

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **NOTICE OF REMOVAL**

was served via regular mail on June 2, 2008, upon:

Richard S. Vecchio, Esq.
Worby Groner Edelman, LLP
11 Martine Avenue, Penthouse
White Plains, New York 10606
(914) 686-3700
Attorneys for Plaintiff

Lawrence R. Green, Esq.
Lester, Schwab, Katz & Dwyer, LLP
120 Broadway, 38th Floor
New York, New York 10271
(212) 964-6611
Attorneys for Motion Concepts, LP

Praxair Technology, Inc.
39 Old Ridgebury Road
Danbury, Connecticut 06810

Dated: June 2, 2008

Scott L. Haworth (SH 5890)

NY/526739v1