UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JESSE SAHAGUN,

                Plaintiff,

-against-

INVACARE CORPORATION, IN MOTION
CONCEPTS, LLC. AND PRAXAIR TECHNOLOGY,
INC.,

                Defendants.
----------------------------------------------------------------X

Civil Action No.: 08 CIV 5052 (SCR)

**ANSWER WITH CROSSCLAIMS**

Defendant Invacare Corporation ("Invacare") by and through its attorneys, SEDGWICK, DETERT, MORAN & ARNOLD LLP, as and for its Answer to plaintiff's Verified Complaint, respectfully sets forth the following upon information and belief:

### ANSWERING THE FIRST CAUSE OF ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "1," "10," "11," "13," "14," "15," "16," "17," "18," "19," "20," "21," "23," "27," "28," "29," "31," "32," "33," "34," "35," "36," "37" and "38" of plaintiff's Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of plaintiff's Verified Complaint and respectfully refers all questions of law to the Honorable Court.

3. Denies each and every allegation contained in paragraphs "3," "12," "39," "41," "42," "43," "44" and "45" of plaintiff's Verified Complaint.

4. Admits that Invacare is a corporation incorporated under laws of the State of Ohio and from time-to-time sells products that are upon information and belief utilized in New York State.

5. Admits each and every allegation contained in paragraph "5" of plaintiff's Verified Complaint.

6. Denies each and every allegation contained in paragraph "6" of plaintiff's Verified Complaint except admits that Invacare manufactures and sells durable medical equipment.

7. Denies each and every allegation contained in paragraph "7" of plaintiff's Verified Complaint except admits that from time-to-time, products manufactured by Invacare are upon information and belief utilized within New York State.

8. Denies each and every allegation contained in paragraph "8" of plaintiff's Verified Complaint except admits that from time-to-time, products manufactured by Invacare are upon information and belief utilized within New York State and respectfully refers all questions of law to the Honorable Court.

9. Denies each and every allegation contained in paragraph "9" of plaintiff's Verified Complaint except admits that from time-to-time, Invacare sells a wheelchair known as the "Ranger X".

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "22," "23," "25" and "26" of plaintiff's Verified Complaint except admits that upon information and belief, Motion designed, manufactured and installed the subject wheelchair's seating system.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "30" of plaintiff's Verified Complaint except admits that upon information and belief, Praxair is a distributor of durable medical devices.

12. Denies each and every allegation contained in paragraph "40" of plaintiff's Verified Complaint except admits that Invacare believes the products it manufactures and/or sells are safe and suitable for their intended purpose.

## ANSWERING THE SECOND CAUSE OF ACTION

13. In response to paragraph "46" of plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "12" inclusive, with the same force and effect as if more fully set forth at length herein.

14. Denies each and every allegation contained in paragraphs "47," "48," "49," "50," "52," "54," "55," "56," "57," "58" and "59" of plaintiff's Verified Complaint.

15. Denies each and every allegation contained in paragraph "51" of plaintiff's Verified Complaint except admits that defendant Invacare is in the business of designing, manufacturing and/or selling durable medical devices and possesses the skills necessary to design, manufacture and/or sell products that are safe and suitable for their intended purpose.

16. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "53" of plaintiff's Verified Complaint.

3

17. Denies each and every allegation contained in paragraph "57" of plaintiff's Verified Complaint and respectfully refers all questions of law to the Honorable Court.

## ANSWERING THE THIRD CAUSE OF ACTION

18. In response to paragraph "60" of plaintiff's Verified Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "17" inclusive, with the same force and effect as if more fully set forth at length herein.

19. Denies each and every allegation contained in paragraph "61" of plaintiff's Verified Complaint and respectfully refers all questions of law to the Honorable Court.

20. Denies each and every allegation contained in paragraph "62" of plaintiff's Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

In accordance with CPLR Article 16, the liability of this answering defendant if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

In the event plaintiff recovers a verdict or judgment against any defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral

NY/526436v1

source such as insurance, social security, workers' compensation or employee benefit programs.

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

That by entering into the activity in which plaintiff was engaged at the time of the occurrence, plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof. Whatever injuries and damages were sustained by plaintiff arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in said activities and such risks were assumed and accepted by plaintiff in performing and engaging in said activities.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Any injuries plaintiff may have sustained were caused in whole or in part by contributory negligence and/or culpable conduct of the plaintiffs, with no contributory negligence and/or culpable conduct on the part of this answering defendant.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that other parties, whether named or unnamed in the Verified Complaint, and whether known or presently unknown to this answering defendant, were negligent or legally responsible or otherwise at fault for the damages alleged. Therefore, this defendant requests that in the event any party recovers against this answering defendant, whether by settlement or judgment, an apportionment of fault be made by the Court or the jury as to all parties. This answering defendant further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If the subject product was manufactured or sold by this answering defendant, plaintiff's claims are barred because the product was substantially altered after it left this answering defendant's possession and control.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This answering defendant was not served in accordance with the provisions of the Civil Practice Law and Rules and the Court therefore, lacks jurisdiction over the person of this answering defendant.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

One or more of plaintiff's causes of action are time-barred pursuant to the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any injuries and damages sustained by plaintiff was the result of the misuse and/or abuse of the aforesaid product by plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any and all acts performed and products manufactured and/or distributed by this answering defendant were at all times relevant hereto in conformity with the state of the art for the manufacture, design, testing, labeling and promotion of similar products.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

NY/526436v1

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

This answering defendant denies that any defect existed in the subject product.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The product referred to in plaintiff's complaint is a medical device, and the federal government has totally or partially preempted the field of law applicable to such products, and said product was in compliance with applicable federal law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to give this answering defendant notice of any claimed breach of warranty, including a failure to give the notice set forth in Uniform Commercial Code, Section 2-607(e).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

This answering defendant made no warranty, express or implied, to plaintiff.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of breach of express warranty and breach of implied warranty are barred because there was no privity between this answering defendant.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because neither plaintiff nor co-defendants relied on the warranty, if any.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

This answering defendant asserts that the subject product was designed, tested, manufactured, distributed and labeled in accordance with the provisions of the Medical Device Amendments of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §360k[a] and regulations promulgated pursuant thereto.

NY/526436v1

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

In the event plaintiff alleges this answering defendant failed to warn of known or knowable risks inherent in the use of the subject product, these claims are governed by the "learned intermediary" rule or doctrine.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

This answering defendant asserts that all of plaintiff's claims are barred or diminished because of the failure of plaintiff or other parties or non-parties to preserve evidence.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to state a cause of action cognizable in law or equity against this answering defendant, and the Verified Complaint must therefore, be dismissed.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

This answering defendant asserts that it intends to rely upon such other defenses as may be available or apparent during discovery and hereby reserves its right to amend its answer to plead said defenses.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

This answering defendant is entitled to judgment as a matter of law based upon spoliation of evidence.

NY/526436v1

## DEFENDANT INVACARE CORPORATION CROSS CLAIMS AGAINST CO-DEFENDANT MOTION CONCEPTS LP I/S/H AS "IN MOTION CONCEPTS, LLC"

### COUNT ONE

1. If plaintiff sustained damages in the manner alleged in the complaint, all of which is denied by these answering defendants, such damages were caused by reason of the negligence, breach of contract, obligation or warranty of the co-defendant above named.

2. By reason of the foregoing, this answering defendant is entitled to indemnification from, and to have judgment over against, the co-defendant above named, for all or part of any verdict or judgment that plaintiff may recover against this answering defendant along with attorney's fees, costs and disbursements incurred in connection with the defense of this matter.

### COUNT TWO

3. At or about the time of the subject alleged accident, there existed a contract(s), express or implied between this answering defendant and the co-defendant/cross-claim defendant named above.

4. Said contract obligated said defendant/cross-claim defendant to defend, indemnify and hold harmless this answering defendant.

5. By reason of said contract, said defendant/cross-claim defendant is obligated to defend, indemnify and hold this answering defendant harmless in this matter.

NY/526436v1

6. By reason of the foregoing, this answering defendant is entitled to defense, indemnity and reimbursement of all legal fees, costs and expenses associated with the defense of this matter.

### COUNT THREE

7. Crossclaim defendant was obligated to procure insurance on behalf of crossclaim plaintiff which would provide full defense and insurance coverage on crossclaim plaintiff's behalf in connection with this litigation.

8. By reason of the foregoing, crossclaim defendant is obligated to defend, indemnify and hold harmless this answering defendant and reimburse all legal fees, costs and expenses associated with the defense of this matter.

**WHEREFORE**, this answering defendant demands judgment dismissing the complaint, or in the event the plaintiff recovers a verdict or judgment against this answering defendant, then this defendant demands judgment over against the co-defendant above named, together with the attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
June 17, 2008

Yours, etc.,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Scott L. Haworth [SH-5890]
125 Broad Street, 39th Floor
New York, New York 10004-2400
Attorneys for Defendant
Invacare Corporation
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

NY/526436v1

TO:

Richard S. Vecchio, Esq.
Worby Groner Edelman, LLP
11 Martine Avenue, Penthouse
White Plains, New York 10606
(914) 686-3700
Your File No.: 3177
Attorneys for Plaintiff

Lawrence Green, Esq.
Lester Schwab Katz & Dwyer, LLP
120 Broadway, 38th Floor
New York, New York 10271
(212) 964-6611
Attorneys for Defendant
In Motion Concepts, LLC

George S. Hodges, Esq.
Hodges, Walsh & Slater, LLP
55 Church Street
White Plains, New York 10601
(914) 385-6000
Attorneys for Defendant
Praxair Healthcare Services, Inc.
i/s/h as "Praxair Technology, Inc."

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **ANSWER WITH CROSSCLAIMS** was served via regular mail on June 17, 2008, upon:

>Richard S. Vecchio, Esq.
>Worby Groner Edelman, LLP
>11 Martine Avenue, Penthouse
>White Plains, New York 10606
>(914) 686-3700
>Your File No.: 3177
>Attorneys for Plaintiff
>
>Lawrence Green, Esq.
>Lester Schwab Katz & Dwyer, LLP
>120 Broadway, 38th Floor
>New York, New York 10271
>(212) 964-6611
>Attorneys for Defendant
>In Motion Concepts, LLC
>
>George S. Hodges, Esq.
>Hodges, Walsh & Slater, LLP
>55 Church Street
>White Plains, New York 10601
>(914) 385-6000
>Attorneys for Defendant
>Praxair Healthcare Services, Inc.
>i/s/h as "Praxair Technology, Inc."

Dated: June 17, 2008

_____
Scott L. Haworth (SH 5890)

NY/526436v1