LSK&D #: 035-7102 / 1040421
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JESSE SAHAGUN,

                              Plaintiff,

-against-

INVACARE CORPORATION, IN MOTION
CONCEPTS, LLC., and PRAXAIR
TECHNOLOGY, INC.

                              Defendants.
-----------------------------------------------------------------x

**Civil Action No.:**
**08 CIV 5052 (SCR)**

**ANSWER WITH CROSS-CLAIMS**

Defendant, Motion Concepts, L.P., improperly sued herein as In Motion Concepts, by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiff's Verified Complaint, dated April 28, 2008, respectfully states as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

1. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "27", "28", "29", "30", "31", "32", "33", "34", "35", "37" and "38" of the Verified Complaint.

2. Denies each and every allegation contained in paragraphs "2", "24", "36" and "42" of the Verified Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

3. Denies each and every allegation contained in paragraphs "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14" and "42" of the Verified Complaint insofar as same may refer to or in anyway affect this answering defendant.

4. Denies each and every allegation contained in paragraphs "15", "16", "17", "18", "19" and "20" of the Verified Complaint except admits that Motion Concepts LP is a

limited partnership organized and existing under the laws of Ontario, Canada doing business in the State of New York.

5. Denies each and every allegation contained in paragraphs "21", "39", "40", "41", "43", "44" and "45" of the Verified Complaint.

6. Denies each and every allegation contained in paragraphs "22", "23", "25" and "26" of the Verified Complaint except admits that Motion Concepts is in the business of manufacturing and assembling certain components of Invacare Ranger X power chairs.

## ANSWERING THE SECOND CAUSE OF ACTION

7. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "46" of the Verified Complaint.

8. Denies each and every allegation contained in paragraphs "47", "48", "49", "50", "52", "54", "55", "56", "57", "58" and "59" of the Verified Complaint.

9. Denies each and every allegation contained in paragraph "51" of the Verified Complaint except admits that Motion Concepts is in the business of manufacturing and assembling certain components of Invacare Ranger X power chairs.

10. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "53" of the Verified Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

11. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "60" of the Verified Complaint.

12. Denies each and every allegation contained in paragraphs "61" and "62" of the Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The Verified Complaint of plaintiff fails to state a cause of action cognizable in law or equity against this answering defendant and the Complaint must therefore be dismissed.

### AS AND FOR AN SECOND AFFIRMATIVE DEFENSE

14. That any injuries and/or damages sustained by plaintiff, as alleged in the Complaint herein, were caused, in whole or in part, by the contributory negligence and/or culpable conduct of plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. That by entering into the activity in which plaintiff was engaged at the time of the occurrence set forth in the Verified Complaint, plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by plaintiff herein, as alleged in the Verified Complaint, arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred because the product was substantially altered after it left defendant's possession and control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. Any injuries and damages sustained by plaintiff were the result of the misuse and/or abuse of the product by plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18. If plaintiff sustained any injuries or incurred any damages, the same were caused, in whole or in part, by the acts or omissions of persons other than this defendant, over whom it had no control, or by superseding and intervening causes outside of its control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19. That if plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20. Any products manufactured and/or assembled by this defendant was in conformity with the state of the art for the manufacture, design, testing, labeling and promotion of similar products.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

22. The Federal Government has totally or partially preempted the field of law applicable to the product referred to in the Verified Complaint; the product was in compliance with applicable Federal law.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

23. The liability of this defendant, if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

24. In the event plaintiff recover a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred or diminished because of the failure of plaintiff or others to preserve evidence.

**AS AND FOR A FIRST CROSS-CLAIM DEFENDANTS INVACARE CORPORATION AND PRAXAIR HEALTHCARE SERVICES, INC. I/S/H AS PRAXAIR TECHNOLOGY, INC., DEFENDANT, MOTION CONCEPTS, L.P., IMPROPERLY SUED HEREIN AS IN MOTION CONCEPTS ALLEGES:**

26. That Plaintiff's Verified Complaint alleges, inter alia, in substance, that as a result of the negligence, recklessness, carelessness, violations of law and strict liability of defendant, MOTION CONCEPTS, L.P., plaintiff sustained personal injuries on or about April 9, 2007, and as a result of said injuries, plaintiff was allegedly damaged in a sum exceeding the jurisdiction of all lower Courts.

27. Upon information and belief, that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused, in whole or in part, by reason of the negligence, carelessness, recklessness, violations of law and strict liability of defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY INC., without any wrongdoing on the part of defendant, MOTION CONCEPTS, L.P., contributing thereto.

28. By reason of the foregoing, in the event that any judgment or verdict is recovered against defendant, MOTION CONCEPTS, L.P. defendant, MOTION CONCEPTS, L.P. is entitled to contribution from and to judgment over and against defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY INC. equal to the proportionate share of responsibility as is adjudged between all defendants herein.

**AS AND FOR A SECOND CROSS-CLAIM DEFENDANTS INVACARE CORPORATION AND PRAXAIR HEALTHCARE SERVICES, INC. I/S/H AS PRAXAIR TECHNOLOGY, INC., DEFENDANT, MOTION CONCEPTS, L.P., IMPROPERLY SUED HEREIN AS IN MOTION CONCEPTS ALLEGES:**

29. If plaintiff was caused damage or injury as alleged in the Verified Complaint through breach of contract, breach of warranty (express or implied), or any other culpable conduct, then said damages were sustained due to the culpable conduct of defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY, INC. and not as a result of any culpable conduct on the part of this answering defendant.

30. If plaintiff should recover a judgment against this answering defendant, then defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY, INC., shall be held liable to this answering defendant for the full amount of said judgment or shall be held liable on the basis of apportionment of responsibility for the alleged occurrence.

31. Based upon the foregoing, this answering defendant shall be entitled to common law and or contractual indemnification from and judgment over and against defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY, INC., for all or any part of any verdict or judgment which plaintiff may recover against this answering defendant based upon breach of any agreement, contract, warranty (express or implied), or any negligence, carelessness, recklessness or other culpable conduct.

**WHEREFORE,** this answering defendant demands judgment dismissing the Verified Complaint, or in the event plaintiff recovers a verdict or judgment against this

answering defendant, this defendant demands judgment over and against the co-defendants above named, together with attorneys fees, costs and disbursements of this action.

Dated:    New York, New York
          June 27, 2008

                                    Respectfully submitted,

                                    LESTER SCHWAB KATZ & DWYER, LLP

                                    _____
                                    Lawrence R. Green (LRG – 5401)
                                    Attorneys for Defendant
                                    Motion Concepts, L.P., improperly sued herein as
                                    In Motion Concepts
                                    120 Broadway
                                    New York, New York  10271
                                    (212) 964-6611

TO:

Richard S. Vecchio, Esq.
Worby Groner Edellman, LLP
11 Martine Avenue, Penthouse
White Plains, New York 10606
Attorneys for Plaintiff
File No.: 3177

Scott L. Haworth, Esq.
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Attorneys for Defendant
Invacare Corporation

George S. Hodges, Esq.
Hodges, Walsh & Slater, LLP
55 Church Street
White Plains, New York 10601
Attorneys for Defendant
Praxair Healthcare Services, Inc. i/s/h as
"Praxair Technology, Inc."