UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSE SAHAGUN,                                              08 Civ. 5052

                        Plaintiff,          **DEFENDANT PRAXAIR TECHNOLOGY, INC.'S ANSWER**

- against –

INVACARE CORPORATION, IN MOTION CONCEPTS,
LLC., and PRAXAIR TECHNOLOGY, INC.,

                        Defendants.
------------------------------------------------------------------X

The Defendant, **PRAXAIR HEALTHCARE SERVICES, INC., incorrectly sued herein as 'PRAXAIR TECHNOLOGY, INC."** (hereinafter referred to as "**PRAXAIR**") by its attorneys **HODGES WALSH & SLATER, LLP** as and for an Answer to Plaintiff's Complaint dated May 1, 2008 alleges upon information and belief as follows:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

1. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "1" of Plaintiff's Complaint.

2. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "2" of Plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

3. This answering Defendant denies knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in Paragraph designated "3" of Plaintiff's Complaint.

4. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "4" of Plaintiff's Complaint.

5. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "5" of Plaintiff's Complaint.

6. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "6" of Plaintiff's Complaint.

7. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "7" of Plaintiff's Complaint.

8. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "8" of Plaintiff's Complaint.

9. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "9" of Plaintiff's Complaint.

10. This answering Defendant admits the allegations set forth in Paragraph designated "10" of Plaintiff's Complaint.

11. This answering Defendant denies knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in Paragraph designated "11" of Plaintiff's Complaint.

12. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "12" of Plaintiff's Complaint.

13. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "13" of Plaintiff's Complaint.

14. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "14" of Plaintiff's Complaint.

15. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "15" of Plaintiff's Complaint.

16. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "16" of Plaintiff's Complaint.

17. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "17" of Plaintiff's Complaint.

18. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "18" of Plaintiff's Complaint.

19. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "19" of Plaintiff's Complaint.

20. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "20" of Plaintiff's Complaint.

21. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "21" of Plaintiff's Complaint.

22. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "22" of Plaintiff's Complaint.

23. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "23" of Plaintiff's Complaint.

24. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "24" of Plaintiff's Complaint.

25. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "25" of Plaintiff's Complaint.

26. This answering Defendant denies knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in Paragraph designated "26" of Plaintiff's Complaint.

27. This answering Defendant denies each and every allegation set forth in Paragraph designated "27" of Plaintiff's Complaint.

28. This answering Defendant admits the allegations contained within Paragraph "28" of Plaintiff's Complaint.

29. This answering Defendant admits the allegations contained within Paragraph "29" of Plaintiff's Complaint.

30. This answering Defendant denies each and every allegation in Paragraph designated "30" of Plaintiff's Complaint, except this answering Defendant admits that prior to April 9, 2007, **PRAXAIR** was and remains in the business of providing medical products and equipments for use by individuals at home.

31. This answering Defendant denies each and every allegation set forth in Paragraph designated "31" of Plaintiff's Complaint and respectfully refers all question of law to the Honorable Court, except this answering Defendant admits that as of April 9, 2007, **PRAXAIR** did business in the State of New York and derived revenue from that business.

32. This answering Defendant denies each and every allegation set forth in Paragraph designated "32" of Plaintiff's Complaint and respectfully refers all question of law to the Honorable Court.

33. This answering Defendant denies each and every allegation set forth in Paragraph designated "33" of Plaintiff's Complaint.

34. This answering Defendant denies each and every allegation set forth in

Paragraph designated "34" of Plaintiff's Complaint.

35. This answering Defendant denies each and every allegation set forth in Paragraph designated "35" of Plaintiff's Complaint.

36. This answering Defendant denies each and every allegation set forth in Paragraph designated "36" of Plaintiff's Complaint.

37. This answering Defendant denies each and every allegation set forth in Paragraph designated "37" of Plaintiff's Complaint.

38. This answering Defendant denies each and every allegation set forth in Paragraph designated "38" of Plaintiff's Complaint except this answering Defendant admits that it was in the business of providing wheelchairs to individuals.

39. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "39" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, responsibility and/or other culpable conduct on the part of this answering Defendant.

40. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "40" of Plaintiff's Complaint, except this answering Defendant denies each and every allegation insofar as same is directed to this answering Defendant.

41. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "41" of Plaintiff's Complaint, except this answering Defendant denies each and every allegation, negligence, fault, responsibility, wrongdoing and/or other culpable conduct on the part of

this answering Defendant and further this answering Defendant respectfully refers all questions of law to the Honorable Court.

42. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "42" of Plaintiff's Complaint, except this answering Defendant denies that it made any warranties to the Plaintiff and respectfully refers all questions of law to the Honorable Court.

43. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "43" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, breach of warranty, wrongdoing and/or other culpable conduct on the part of this answering Defendant.

44. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "44" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, breach of warranty and/or other culpable conduct on the part of this answering Defendant.

45. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "45" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, breach of warranty and/or other culpable conduct on the part of this answering Defendant.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

46. This answering Defendant repeats, reiterates, and realleges each and every

response previously set forth above with the same force and effect as if fully set forth at length herein in responding to Paragraph "46" of Plaintiff's Complaint.

47. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "47" of Plaintiff's Complaint.

48. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "48" of Plaintiff's Complaint, except this answering Defendant denies the existence of any defect or danger as alleged in this Paragraph.

49. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "49" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, breach of warranty and/or culpable conduct on the part of this answering Defendant.

50. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "50" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, breach of warranty and/or culpable conduct on the part of this answering Defendant.

51. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "51" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of

negligence, fault, wrongdoing, breach of warranty and/or culpable conduct on the part of this answering Defendant.

52. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "52" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, breach of warranty and/or culpable conduct on the part of this answering Defendant.

53. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "53" of Plaintiff's Complaint.

54. This answering Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "54" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of implied warranty on the part of this answering Defendant and respectfully refers all questions of law to the Honorable Court.

55. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designate "55" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, breach of implied warranty and/or other culpable conduct on the part of this answering Defendant.

56. This answering Defendant denies each and every allegation set forth in Paragraph designated "56" of Plaintiff's Complaint.

57. This answering Defendant denies knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in Paragraph designated "57" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, breach of implied warranty and/or other culpable conduct on the part of this answering Defendant.

58. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "58" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, breach of implied warranty and/or other culpable conduct on the part of this answering Defendant.

59. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "59" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, breach of implied warranty and/or other culpable conduct on the part of this answering Defendant.

**AS AND FOR AN ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION**

60. This answering Defendant repeats, reiterates, and realleges each and every response previously set forth above with the same force and effect as if fully set forth at length herein in responding to Paragraph "60" of Plaintiff's Complaint.

61. This answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph designated "61" of Plaintiff's Complaint, except this answering Defendant denies each and every allegation of negligence, fault, wrongdoing, strict liability in tort and/or other culpable conduct on

the part of this answering Defendant, and this answering Defendant respectfully refers all questions of law to the Honorable Court.

62. This answering Defendant denies knowledge or information sufficient to form a believe as to the truth of the allegations set forth in Paragraph designated "62" of Plaintiff's Complaint, except this answering Defendant denies any and all allegations of negligence, fault, wrongdoing, strict liability in tort and/or other culpable conduct on the part of this answering Defendant.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

63. That this Honorable Court lacks jurisdiction over the person of this answering Defendant.

### AS AND FOR A SECOND SEPARATE AND COMPLETE ANDAFFIRMATIVE DEFENSE

64. That upon information and belief, one or more of the alleged causes of action set forth in plaintiff's Complaint may be barred by reason of passage of the applicable Statute of Limitations.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

65  Upon information and belief any and all damages sustained by the Plaintiff herein were caused and/or occasioned by reason of the negligence, carelessness, assumption of risk, and/or other culpable conduct on the part of the Plaintiff, JESSE SAHAGAN.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

66. This answering Defendant will rely on the limited liability provisions of

Article 16 of the CPLR.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

67. That upon information and belief, the Plaintiff herein may not have named all of the necessary parties to this action.

### AS AND FOR A SIXTH SEPARATE AND COMPLTE AFFIRMATIVE DEFENSE

68. That upon information and belief, at the time of the incident referred to in plaintiff's Complaint, the plaintiff herein was misusing the product in question and the incident at issue was a direct result of said misuse.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

69. This answering Defendant specifically denies the nature and/or amount of damages alleged in Plaintiff's Complaint.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

70. Upon information and belief, the plaintiff herein failed to properly mitigate damages.

### AS AND FOR A CROSS-CLAIM AS AGAINST ALL ADDITIONAL NAMED DEFENDANTS HEREIN AND EACH OF THEM, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

71. That heretofore the plaintiffs herein commenced an action in this Court against the Defendants to recover damages for personal injuries sustained as alleged in the Complaint, the contents of which the Defendant, **PRAXAIR** begs leave to refer to upon the trial of this action as if the same were set forth herein more particularly at length.

72. That the Defendant, **PRAXAIR** denies that it is guilty of fault or responsibility as alleged in the Complaint but alleges that, if this Plaintiff recovers a verdict against this answering defendant then this defendant, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to contribution and/or indemnification from the all the additional named defendants herein, for all or part of any verdict or judgment that the plaintiff may recover against these defendants.

**WHEREFORE**, the defendant, **PRAXAIR HEALTHCARE SERVICES, INC., INCORRECTLY SUED HEREIN AS "PRAXAIR TECHNOLOGY, INC."** demands judgment dismissing the Complaint herein, or, in the alternative, should the Plaintiff obtain judgment against this answering Defendant, then this answering Defendant demands judgment over and against co-defendants herein and each of them is alleged in the cross-claims set forth above, together with the costs and disbursements of this action.

Dated: White Plains, NY
       June 13, 2008

Yours, etc.

_____
GEORGE S. HODGES (4573)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendant
**PRAXAIR HEALTHCARE SERVICES, INC., INCORRECTLY SUED HEREIN AS "PRAXAIR TECHNOLOGY, INC."**
55 Church Street
White Plains, NY 10601
Tel:  (914) 385-6000
Fax:  (914) 385-6008

TO:

**WORBY GRONER EDELMAN LLP**
Attorneys for Plaintiff
11 Martine Avenue, Penthouse
White Plains, New York 10606

(914) 686-3700

cc:

**LESTER SCHWAB KATZ & DWYER, LLP**
Attorneys for Co-Defendant
Motion Concepts, LP
120 Broadway, 38th Floor
New York, New York 10271
(212) 964-6611

**SEDGWICK, DETERT, MORAN & ARNOLD, LLP**
Attorneys for Co-Defendant
Invacare Corporation
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK           )
                            SS.:)
COUNTY OF WESTCHESTER       )

LAURA MALFETANO being duly sworn, deposes and says:

I am employed by the law firm of HODGES, WALSH & SLATER, LLP, counsel for Defendant in the above action and I am over the age of 18 years and I am not a party to this action. On June 13, 2008 I served a true copy of the annexed **Answer to Plaintiff's Complaint** in the following manner: by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the last known address of all attorneys in this action as indicated below:

TO:

**WORBY GRONER EDELMAN LLP**
Attorneys for Plaintiff
11 Martine Avenue, Penthouse
White Plains, New York 10606
(914) 686-3700

**LESTER SCHWAB KATZ & DWYER, LLP**
Attorneys for Co-Defendant
Motion Concepts, LP
120 Broadway, 38th Floor
New York, New York 10271
(212) 964-6611

**SEDGWICK, DETERT, MORAN & ARNOLD, LLP**
Attorneys for Co-Defendant
Invacare Corporation

125 Broad Street, 39th Floor  
New York, New York 10004-2400  
(212) 422-0202

_____  
LAURA MALFETANO

Sworn to before me this  
13th Day of June, 2008

_____  
Notary Public

LEICIA GRANT  
Notary Public - State of New York  
No. 02GR6173546  
Qualified in Westchester County  
Commission Expires August 27, 2011