035-7102/1054640

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JESSE SAHAGUN,

                                           Plaintiff,

            – against –

INVACARE CORPORATION, IN MOTION
CONCEPTS, LLC., and PRAXAIR
TECHNOLOGY, INC.,

                                   Defendants.

-------------------------------------------------------------------X

MOTION CONCEPTS, L.P. s/h/a IN MOTION
CONCEPTS, LLC,

                         Third-Party Plaintiff,

            – against –

ACCESSIBLE VANS AND MOBILITY OF NY,
LLC,  E-Z LOCK, INC. and BAN PRECISION
INC.,

                     Third-Party Defendants.

-------------------------------------------------------------------X

08 CIV 5052 (SCR)

THIRD-PARTY COMPLAINT

RECEIVED
JUL 3 0 2008
U.S.D.C. S.D. N.Y.
CASHIERS

        Defendant and third-party plaintiff Motion Concepts, L.P., sued herein as Motion

Concepts, LLC, alleges as follows for its third-party complaint against the third-party

defendants:

              1.  In and about 2004, plaintiff purchased a custom wheelchair made by

defendant Invacare Corporation "Invacare") from defendant Praxair Technology, Inc.

("Praxair") in New York.

2.  The wheelchair was purchased equipped, among other things, with an elevating seat actuator supplied by defendant Motion Concepts, L.P., sued herein as Motion Concepts, LLC (Motion Concepts"), an Ontario limited partnership.

3.  In and about 2004, as part of the sale of the wheelchair to plaintiff, Motion Concepts engaged third-party defendant Ban Precision, Inc. ("Ban Precision") which, among other things, welded the top of the seat actuator mechanism to the underside of the seat of plaintiff's wheelchair.

4.  In and about 2004, at plaintiff's request, third-party defendant Accessible Vans and Mobility of NY, LLC ("Accessible Vans") installed a docking station for plaintiff's wheelchair manufactured and sold by third-party defendant E-Z Lock, Inc. ("E-Z Lock") in plaintiff's 2002 Dodge minivan, in the space formerly occupied by the driver's seat, together with other equipment, to permit plaintiff to enter, exit and operate a motor vehicle while seated in the wheelchair.

5.  At all relevant times, Invacare and Motion Concepts warned against sitting in a wheelchair in a vehicle and against driving a vehicle while seated in a wheelchair, and have insisted that a wheelchair user should travel only when properly secured in a motor vehicle seat with safety belts securely fastened.

6.  Plaintiff Jesse Sahagun has commenced a civil action against Motion Concepts, Invacare and Praxair, by filing a complaint, attached as Exhibit A.

7.  Plaintiff alleges in his complaint, in relevant part, that on April 9, 2007, the wheelchair malfunctioned, and that plaintiff was caused to be severely and permanently injured by the negligence, recklessness and carelessness of Motion Concepts, its agents, servants, representatives and employees, and by the other

2

defendants, in selling, designing, constructing and assembling an Invacare Corporation Ranger X Power Wheelchair.

8.  Motion Concepts has denied the material allegations of the complaint in its answer, Exhibit B.

9.  The court has subject matter jurisdiction over this third-party action pursuant to 28 U.S.C. Section 1367, providing for supplemental jurisdiction.

10. The commencement of this third-party action is timely pursuant to a scheduling order entered on or about July 24, 2008.

11. Upon information and belief, Accessible Vans and Mobility is a New York limited liability company having offices at 501 Concord Avenue, Mamaroneck, New York 10543 and at 500 Central Avenue, Bethpage, New York 11714.

12. Accessible Vans, as part of its business, modifies vehicles by installing lift equipment and other paraphernalia to enable disabled persons, including but not limited to wheelchair users, to travel in and to operate motor vehicles.

13. Upon information and belief, third-party defendant E-Z Lock, Inc. is a Louisiana corporation having offices at 2001 Wooddale Avenue, Baton Rouge, Louisiana 70806.

14. E-Z Lock, as part of its business, manufactures and sells wheelchair docking systems for installation in motor vehicles.

15. E-Z Lock has approximately twenty-three dealers for its products in the State of New York.

16. E-Z Lock's New York dealers are agents of E-Z lock.

17. E-Z Lock transacts business in New York.

3

18. E-Z Lock contracts to supply goods and services in New York.

19. E-Z Lock regularly does or solicits business in New York

20. E-Z Lock derives substantial revenue from goods used or consumed or services rendered in New York.

21. E-Z Lock derives substantial revenue from interstate or international commerce.

22. E-Z Lock expects or should reasonably expect the acts stated herein and in the complaint to have consequences in New York.

23. Upon information and belief, Ban Precision is a corporation organized under the laws of Canada or a province thereof, having offices at 116 Rayette Road, Unit 8, Concord, Ontario L4K 2G3, Canada.

24. Ban Precision is a full service machine shop, engaged in building complete component parts using CNC machining (milling and turning), high precision manual machining, laser cutting, hollow profiles, tube bending, welding, fabrication and powder coating.

25. Ban Precision transacts business in New York.

26. Ban Precision contracts to supply goods and services in New York.

27. Ban Precision regularly does or solicits business in New York

28. Ban Precision derives substantial revenue from goods used or consumed or services rendered in New York.

29. Ban Precision derives substantial revenue from interstate or international commerce.

4

30. Ban Precision expects or should reasonably expect the acts stated herein and in the complaint to have consequences in New York.

31. Upon information and belief, if plaintiff sustained the injuries complained of in the complaint, those injuries were caused by the negligence or other culpable conduct of E-Z Lock and Accessible Vans in manufacturing and installing the wheelchair docking station in the driver's seat position of plaintiff's vehicle, and by the negligence or other culpable conduct of Ban Precision in welding the seat actuator to the underside of the seat of plaintiff's wheelchair.

First Claim For Relief

32.    Motion Concepts incorporates the foregoing allegations by reference.

33.    By reason of the foregoing, Motion Concepts is entitled to indemnity from, and for judgment over and against Accessible Vans, E-Z Lock and Ban Precision for all of any verdict or judgment which plaintiff may recover against Motion Concepts.

Second Claim For Relief

34.    Motion Concepts incorporates the foregoing allegations by reference.

35.    By reason of the foregoing, if any judgment or verdict is recovered against Motion Concepts, Motion Concepts is entitled to contribution from and to judgment over and against Accessible Vans, E-Z Lock and Ban Precision in amounts equal to the proportionate share of responsibility adjudged between the parties.

Wherefore, Motion Concepts demands judgment against Accessible Vans, E-Z Lock and Ban Precision, jointly and severally, for all sums that may be adjudged against

5

Motion Concepts in favor of plaintiff, or according to the proportionate fault of the

parties, as the case may be, together with costs, disbursements and interest.

Dated:  New York, New York          LESTER SCHWAB KATZ & DWYER, LLP
        July 30, 2008          120 Broadway
        New York, New York  10271
        212  964-6611
        Attorneys for Defendant/Third-Party Plaintiff
        Motion Concepts, L.P. s/h/a Motion Concepts, LLC

        Lawrence R. Green

TO:

Richard S. Vecchio, Esq.
Worby Groner Edellman, LLP
11 Martine Avenue, Penthouse
White Plains, New York 10606
914 686-3700
Attorneys for Plaintiff

Scott L. Haworth, Esq.
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
212 898-4017
Attorneys for Defendant
Invacare Corporation

George S. Hodges, Esq.
Hodges, Walsh & Slater, LLP
55 Church Street, Suite 211
Fishkill, NY 12524
914 385-6000
Attorneys for Defendant
Praxair Healthcare Services, Inc.
s/h/a Praxair Technology, Inc.

# Exhibit A

To Gretchen
Schuler

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------x

JESSE SAHAGUN,

                        Plaintiff,

      -against-

INVACARE CORPORATION, IN MOTION CONCEPTS,
LLC., and PRAXAIR TECHNOLOGY, INC.

                      Defendants.

-------------------------------------------------------------x

Index No: 10018/08

**SUMMONS**

Plaintiff designates
Westchester County

Basis of venue
Plaintiff's residence

Plaintiff resides at:
60 Union Avenue
New Rochelle, NY

RECEIVED

MAY – 1 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

**To the above named Defendants:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiffs Attorneys summons, exclusive of the day
of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated: White Plains, New York
        April 28, 2008

                         Yours, etc.,

                         WORBY GRONER EDELMAN, LLP
                         Attorneys for Plaintiff

                         By: Richard S. Vecchio
                         11 Martine Avenue, Penthouse
                         White Plains, New York 10606
                         (914) 686-3700
                         File No.: 3177

MAY 1 9 2008

Invacare Corporation

Defendant's Address:
INVACARE CORPORATION
1 Invacare Way
Elyria, Ohio 44036

IN MOTION CONCEPTS, LLP
P.O. Box 220
Hamilton, New York  13346

PRAXAIR, TECHNOLOGY, INC.
39 Old Ridgebury Road
Danbury, Connecticut 06810

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

————————————————————————x    Index No.

JESSE SAHAGUN,                                 10018/08

                              Plaintiff,

        -against-
                                              VERIFIED
                                              COMPLAINT
INVACARE CORPORATION, IN MOTION CONCEPTS,   RECEIVED
LLC., and PRAXAIR TECHNOLOGY, INC.
                              Defendants.      MAY – 1 2008
————————————————————————x
                                              TIMOTHY C. IDONI
                                              COUNTY CLERK
                                              COUNTY OF WESTCHESTER

        Plaintiff, by his attorneys, **WORBY GRONER EDELMAN LLP**, as and for his

complaint against defendants, alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

        1.      That at the time of the commencement of this action plaintiff resided in

Westchester County, State of New York.

        2.      That this action falls under one or more of the exceptions of CPLR 1602,

including, but not limited to subsections 2 and 7.

        3.      That at all times herein mentioned defendant, INVACARE

CORPORATION (hereinafter "INVACARE") was and still is a domestic corporation duly

authorized and existing under and by virtue of the laws of the State of New York.

        4.      That at all times herein mentioned defendant, INVACARE was and still is

a foreign corporation duly authorized to do business in the State of New York.

        5.      That at all times herein mentioned defendant INVACARE maintained its

principal place of business at 1 Invacare Way, Elyria, Ohio.

6.     That prior to April 9, 2007, defendant INVACARE was and still is a home medical supply company manufacturing and distributing home medical products/equipment to patients at home.

7.     That prior to April 9, 2007, defendant INVACARE regularly did and solicited business in New York State and engaged in persistent course of conduct and derived substantial revenue from goods sold in New York State.

8.     That prior to April 9, 2007, defendant INVACARE expected or should reasonably have expected its business to have consequences in New York State and derived substantial revenue from its interstate or international commerce.

9.     That prior to April 9, 2007, defendant INVACARE was the retailer of a Ranger X Series Wheelchair, together with its component parts  (hereinafter referred to as the "wheelchair").

10.     That prior to April 9, 2007, defendant INVACARE was the manufacturer of the wheelchair.

11.     That prior to April 9, 2007, defendant INVACARE designed the wheelchair.

12.     That prior to April 9, 2007, defendant INVACARE warranted that the wheelchair was fit for the purpose for which it was intended.

13.     That prior to April 9, 2007, defendant INVACARE assembled the wheelchair.

14.     That prior to April 9, 2007, defendant INVACARE distributed the

2

wheelchair.

15    That at all times herein mentioned defendant, IN MOTION CONCEPTS, LLC (hereinafter "MOTION") was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the State of New York.

16.    That at all times herein mentioned defendant, MOTION was and still is a foreign corporation duly authorized to do business in the State of New York.

17.    That at all times herein mentioned defendant MOTION maintained its principal place of business in Hamilton, New York.

18.    That prior to April 9, 2007, defendant MOTION was and still is a home medical supply company manufacturing and distributing home medical products/equipment to patients at home.

19.    That prior to April 9, 2007, defendant MOTION regularly did and solicited business in New York State and engaged in persistent course of conduct and derived substantial revenue from goods sold in New York State.

20.    That prior to April 9, 2007, defendant MOTION expected or should reasonably have expected its business to have consequences in New York State and derived substantial revenue from its interstate or international commerce.

21.    That prior to April 9, 2007, defendant MOTION was the retailer of the wheelchair.

22.    That prior to April 9, 2007, defendant MOTION was the manufacturer of the wheelchair.

3

23.    That prior to April 9, 2007, defendant MOTION designed the wheelchair.

24.    That prior to April 9, 2007, defendant MOTION warranted that the wheelchair was fit for the purpose for which it was intended.

25.    That prior to April 9, 2007, defendant MOTION assembled the wheelchair.

26.    That prior to April 9, 2007, defendant MOTION distributed the wheelchair.

27.    That at all times herein mentioned defendant, PRAXAIR TECHNOLOGY, INC. (hereinafter "PRAXAIR") was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the State of New York.

28.    That at all times herein mentioned defendant, PRAXAIR was and still is a foreign corporation duly authorized to do business in the State of New York.

29.    That at all times herein mentioned defendant PRAXAIR maintained its principal place of business at 39 Old Ridgebury Road, Danbury, State of Connecticut.

30.    That prior to April 9, 2007, defendant PRAXAIR was and still is a home medical supply company manufacturing and distributing home medical products/equipment to patients at home.

31.    That prior to April 9, 2007, defendant PRAXAIR regularly did and solicited business in New York State and engaged in persistent course of conduct and derived substantial revenue from goods sold in New York State.

32.    That prior to April 9, 2007, defendant PRAXAIR expected or should reasonably have expected its business to have consequences in New York State and

4

derived substantial revenue from its interstate or international commerce.

33.    That prior to April 9, 2007, defendant PRAXAIR was the retailer the wheelchair.

34.    That prior to April 9, 2007, defendant PRAXAIR was the manufacturer of the wheelchair.

35.    That prior to April 9, 2007, defendant PRAXAIR designed the wheelchair.

36.    That prior to April 9, 2007, defendant PRAXAIR warranted that the wheelchair was fit for the purpose for which it was intended.

37.    That prior to April 9, 2007, defendant PRAXAIR assembled the wheelchair.

38.    That prior to April 9, 2007, defendant PRAXAIR distributed the wheelchair.

39.    On April 9, 2007 Plaintiff, JESSE SAHAGUN was in the wheelchair, crossing the street at the corner of Memorial Highway and Station Plaza, New Rochelle, New York, when the wheelchair malfunctioned, causing him to fall.

40.    When Defendants, individually and/or jointly, through their agents, servants, representatives and/or employees sold, designed, manufactured, assembled, distributed and/or shipped the wheelchair and its component parts, Defendants represented and declared to Plaintiff, who relied thereon, that the wheelchair and its component parts had been sold, designed, manufactured, assembled, distributed, shipped and inspected by Defendants, had been and were then and there properly installed therein; and that the

5

wheelchair and its component parts were capable of being operated and used and enduring the use to which similar wheelchairs and their component parts were sold, manufactured, assembled, distributed and shipped by Defendants were put.

41.    The aforesaid injuries were caused by the negligence, recklessness and carelessness of the Defendants, individually and/or jointly, their agents, servants, representatives and/or employees in negligently, recklessly and carelessly selling, designing, constructing, assembling, installing and repairing of, inter alia, all the necessary component parts of the wheelchair; and in allowing and permitting the wheelchair to be put into the stream of commerce when the Defendants knew, or should have known, that the wheelchair was not fit for use; in failing to adequately test the wheelchair; in failing to warn operators of the wheelchair that it was unsafe and dangerous; in failing to provide written instructions and warnings with the wheelchair; in allowing the wheelchair to break apart; in failing to select a competent designer, manufacturer and supplier; in failing to warn or to warn adequately of the dangers associated with the use of the wheelchair; in failing to exercise due care in the manufacture and design of the wheelchair; in failing to assemble the machine and motor properly; in failing to exercise due care in any aspect of the production or distribution process; in failing to readily discover a discoverable defect; in failing to adequately test component parts; in failing to make a reasonable inspection for defects in the wheelchair and its component parts which it had selected for the manufacturing and assembly process; in failing to reasonably foresee and be cognizant of the characteristics of the wheelchair and the uses to which it would be put; in unreasonably

6

designing the wheelchair in such a manner so as to cause injury; in failing in its duty to warn consumers and users of said wheelchair as to any conditions which would cause injury to operators; in failing to research and/or utilize appropriate data for safe design criteria; in failing to properly instruct plaintiff on its use; and in failing to equip the wheelchair with proper brackets and/or mechanisms to avoid its breakage.

42.     That on April 9, 2007, relying upon all of the aforesaid warranties, Plaintiff, proceeded to use the aforesaid wheelchair in accordance with its intended use.

43.     That on April 9, 2007, plaintiff, while in the subject wheelchair, in accordance with its intended use, plaintiff was caused to suffer and sustain severe permanent personal injuries as hereinafter set forth.

44.     That the aforesaid accident was caused solely and wholly by reason that defendants, individually and/or jointly breached their warranty of product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

45.     That solely by reason of the aforesaid accident the plaintiff became sick, sore, lame and disabled, and suffered great physical and mental pain; suffered nervous shock and severe and permanent injuries to various parts of his body; suffered nervous shock and injury to his nerves and nervous system, and suffered great conscious pain and suffering, all to plaintiff's damage in a sum which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction over this action.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

46.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "45", with same force and effect as those set forth herein and at length.

47.    That at the time of the aforesaid occurrence, the wheelchair was being used for the purpose and in the manner normally intended.

48.    Plaintiff could not by the exercise of reasonable care have discovered the defect and perceived its danger.

49.    That at the time of the aforesaid occurrence, the wheelchair did not perform as intended by the Defendants.

50.    That the wheelchair was defective when it left the Defendants' possession.

51.    That the Defendants held themselves out to possess special skill and judgment with respect to the design, manufacture, production, assembly, distribution; sale; repairs, maintenance, refurbishing, and inspection of the wheelchair.

52.    That the Defendants had actual or constructive notice of the aforesaid defective design, manufacture, assembly, repairs, refurbishing, and inspecting of the wheelchair.

53.    That Plaintiff was a person who could reasonably be expected by Defendants to be a user of the wheelchair.

8

54.    That by reason of the foregoing the defendants are liable for breach of implied warranty in tort.

55.    That as a result of the foregoing, plaintiff sustained serious and permanent personal injuries.

56.    That the aforesaid wheelchair was dangerous and defective and that said defects were a substantial factor in causing the injuries to the Plaintiff.

57.    That the Defendants, individually and/or jointly, their agents, servants and/or employees represented and warranted that the aforesaid wheelchair, its component parts and/or appurtenances thereto were safe and fit for the use and were of merchantable quality.

58.    That the aforesaid representations and warranties were untrue in that the wheelchair and its component parts and/or appurtenances thereto were not fit nor safe for use and were not of merchantable quality, which warranties were both expressed and implied.

59.    That as a result of the foregoing, plaintiff was damaged in a sum which exceeds the jurisdictional limitations of all lower courts for compensatory damages.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

60.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "59", with same force and effect as those set forth herein and at length.

9

61.    That by reason of the foregoing, defendants are liable to Plaintiff herein under the Doctrine of Strict Liability in tort.

62.    That as a result of the foregoing, plaintiff was damaged in a sum which exceeds the jurisdictional limitations of all lower courts for compensatory damages.

**WHEREFORE**, plaintiffs demand judgment against the defendants in a sum which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction over this action in the first cause of action; in a sum which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction over this action in the second cause of action; in a sum which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction over this action in the third cause of action together with the interest, costs and disbursements of this action.

Dated:  White Plains, New York
        April 28 , 2008

                                    Yours, etc.

                                    Richard S. Vecchio
                                    Worby Groner Edelman LLP
                                    Attorneys for Plaintiff
                                    11 Martine Avenue
                                    White Plains, New York 10606
                                    (914) 686-3700
                                    File # 3177

10

## VERIFICATION

State of New York      )

                              )ss:

County of New York  )


JESSE SAHAGUN, being duly sworn, deposes and says that I am the plaintiff in the action herein.  I have read the annexed COMPLAINT, know the contents thereof, and the same are true to the best of my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.


_____
JESSE SAHAGUN


Sworn to before me this
16th day of  April, 2008


_____
Notary Public
S. CHRIS CHURCH
NOTARY PUBLIC, State of New York
No. 02CH6037255
Qualified in New York County
Commission Expires: 6/29/2010

# Exhibit B

LSK&D #: 035-7102 / 1040421
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

JESSE SAHAGUN,

                                              Civil Action No.:
                              Plaintiff,      08 CIV 5052 (SCR)

        -against-                             ANSWER WITH
                                              CROSS-CLAIMS
INVACARE CORPORATION, IN MOTION
CONCEPTS, LLC., and PRAXAIR
TECHNOLOGY, INC.

                              Defendants.

--------------------------------------------------------------X

        Defendant, Motion Concepts, L.P., improperly sued herein as In Motion

Concepts, by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering

plaintiff's Verified Complaint, dated April 28, 2008, respectfully states as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

        1.      Denies any knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs "1", "27", "28", "29", "30", "31", "32", "33", "34", "35",

"37" and "38" of the Verified Complaint.

        2.      Denies each and every allegation contained in paragraphs "2", "24", "36"

and "42" of the Verified Complaint, but begs leave to refer all questions of law to the

Court at the trial of this action.

        3.      Denies each and every allegation contained in paragraphs "3", "4", "5", "6",

"7", "8", "9", "10", "11", "12", "13", "14" and "42" of the Verified Complaint insofar as

same may refer to or in anyway affect this answering defendant.

        4.      Denies each and every allegation contained in paragraphs "15", "16", "17",

"18", "19" and "20" of the Verified Complaint except admits that Motion Concepts LP is a

limited partnership organized and existing under the laws of Ontario, Canada doing business in the State of New York.

5.    Denies each and every allegation contained in paragraphs "21", "39", "40", "41", "43", "44" and "45" of the Verified Complaint.

6.    Denies each and every allegation contained in paragraphs "22", "23", "25" and "26" of the Verified Complaint except admits that Motion Concepts is in the business of manufacturing and assembling certain components of Invacare Ranger X power chairs.

## ANSWERING THE SECOND CAUSE OF ACTION

7.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "46" of the Verified Complaint.

8.    Denies each and every allegation contained in paragraphs "47", "48", "49", "50", "52", "54", "55", "56", "57", "58" and "59" of the Verified Complaint.

9.    Denies each and every allegation contained in paragraph "51" of the Verified Complaint except admits that Motion Concepts is in the business of manufacturing and assembling certain components of Invacare Ranger X power chairs.

10.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "53" of the Verified Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

11.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "60" of the Verified Complaint.

12.    Denies each and every allegation contained in paragraphs "61" and "62" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13.    The Verified Complaint of plaintiff fails to state a cause of action cognizable in law or equity against this answering defendant and the Complaint must therefore be dismissed.

## AS AND FOR AN SECOND AFFIRMATIVE DEFENSE

14.    That any injuries and/or damages sustained by plaintiff, as alleged in the Complaint herein, were caused, in whole or in part, by the contributory negligence and/or culpable conduct of plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15.    That by entering into the activity in which plaintiff was engaged at the time of the occurrence set forth in the Verified Complaint, plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by plaintiff herein, as alleged in the Verified Complaint, arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16.    Plaintiff's claims are barred because the product was substantially altered after it left defendant's possession and control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17.    Any injuries and damages sustained by plaintiff were the result of the misuse and/or abuse of the product by plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18.    If plaintiff sustained any injuries or incurred any damages, the same were caused, in whole or in part, by the acts or omissions of persons other than this defendant, over whom it had no control, or by superseding and intervening causes outside of its control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19.    That if plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20.    Any products manufactured and/or assembled by this defendant was in conformity with the state of the art for the manufacture, design, testing, labeling and promotion of similar products.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

21.    Plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

22.    The Federal Government has totally or partially preempted the field of law applicable to the product referred to in the Verified Complaint; the product was in compliance with applicable Federal law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

23.    The liability of this defendant, if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

24.    In the event plaintiff recover a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims are barred or diminished because of the failure of plaintiff or others to preserve evidence.

**AS AND FOR A FIRST CROSS-CLAIM DEFENDANTS
INVACARE CORPORATION AND PRAXAIR
HEALTHCARE SERVICES, INC. I/S/H AS PRAXAIR
TECHNOLOGY, INC., DEFENDANT, MOTION
CONCEPTS, L.P., IMPROPERLY SUED HEREIN AS IN
MOTION CONCEPTS ALLEGES:**

26.    That Plaintiff's Verified Complaint alleges, inter alia, in substance, that as a result of the negligence, recklessness, carelessness, violations of law and strict liability of defendant, MOTION CONCEPTS, L.P., plaintiff sustained personal injuries on or about April 9, 2007, and as a result of said injuries, plaintiff was allegedly damaged in a sum exceeding the jurisdiction of all lower Courts.

27.    Upon information and belief, that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused, in whole or in part, by reason of the negligence, carelessness, recklessness, violations of law and strict liability of defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY INC., without any wrongdoing on the part of defendant, MOTION CONCEPTS, L.P., contributing thereto.

28.    By reason of the foregoing, in the event that any judgment or verdict is recovered against defendant, MOTION CONCEPTS, L.P. defendant, MOTION CONCEPTS, L.P. is entitled to contribution from and to judgment over and against defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY INC. equal to the proportionate share of responsibility as is adjudged between all defendants herein.

## AS AND FOR A SECOND CROSS-CLAIM DEFENDANTS INVACARE CORPORATION AND PRAXAIR HEALTHCARE SERVICES, INC. I/S/H AS PRAXAIR TECHNOLOGY, INC., DEFENDANT, MOTION CONCEPTS, L.P., IMPROPERLY SUED HEREIN AS IN MOTION CONCEPTS ALLEGES:

29.    If plaintiff was caused damage or injury as alleged in the Verified Complaint through breach of contract, breach of warranty (express or implied), or any other culpable conduct, then said damages were sustained due to the culpable conduct of defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY, INC. and not as a result of any culpable conduct on the part of this answering defendant.

30.    If plaintiff should recover a judgment against this answering defendant, then defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY, INC., shall be held liable to this answering defendant for the full amount of said judgment or shall be held liable on the basis of apportionment of responsibility for the alleged occurrence.

31.    Based upon the foregoing, this answering defendant shall be entitled to common law and or contractual indemnification from and judgment over and against defendants, INVACARE CORPORATION and PRAXAIR HEALTHCARE SERVICES, INC i/s/h as PRAXAIR TECHNOLOGY, INC., for all or any part of any verdict or judgment which plaintiff may recover against this answering defendant based upon breach of any agreement, contract, warranty (express or implied), or any negligence, carelessness, recklessness or other culpable conduct.

WHEREFORE, this answering defendant demands judgment dismissing the Verified Complaint, or in the event plaintiff recovers a verdict or judgment against this

answering defendant, this defendant demands judgment over and against the

co-defendants above named, together with attorneys fees, costs and disbursements of

this action.

Dated:      New York, New York
            June 27, 2008

                            Respectfully submitted,

                            LESTER SCHWAB KATZ & DWYER, LLP

                            Lawrence R. Green (LRG – 5401)
                            Attorneys for Defendant
                            Motion Concepts, L.P., improperly sued herein as
                            In Motion Concepts
                            120 Broadway
                            New York, New York 10271
                            (212) 964-6611

TO:

Richard S. Vecchio, Esq.
Worby Groner Edellman, LLP
11 Martine Avenue, Penthouse
White Plains, New York 10606
Attorneys for Plaintiff
File No.: 3177

Scott L. Haworth, Esq.
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Attorneys for Defendant
Invacare Corporation

George S. Hodges, Esq.
Hodges, Walsh & Slater, LLP
55 Church Street
White Plains, New York 10601
Attorneys for Defendant
Praxair Healthcare Services, Inc. i/s/h as
"Praxair Technology, Inc."