035-7102/1067726

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JESSE SAHAGUN,

                               Plaintiff,

    – against –

INVACARE CORPORATION, *et al.*,

                              Defendants.

08 CIV 5052 (SCR)

ANSWER OF DEFENDANT
MOTION CONCEPTS, L.P. TO THE
CROSSCLAIMS OF DEFENDANT
INVACARE CORPORATION

----------------------------------------------------------------X

And a third-party action.

----------------------------------------------------------------X

      Defendant Motion Concepts, L.P. s/h/a In Motions Concepts, LLC ("Motion Concepts") answers the crossclaims of defendant Invacare Corporation ("Invacare") asserted in Invacare's answer as follows.

      1.  Motion Concepts denies paragraphs 1 through 8 of Invacare's crossclaim, constituting the first, second and third counts thereof.

<u>First Affirmative Defense</u>

      2.  Plaintiff's injuries or damages for which Invacare may be held liable were caused, in whole or in part, by the contributory negligence or culpable conduct of plaintiff or Invacare and not by any negligence or culpable conduct of Motion Concepts.

<u>Second Affirmative Defense</u>

      3.  Invacare's crossclaims are barred because the product was substantially altered after it left the control of Motion Concepts.

### Third Affirmative Defense

4. Plaintiff's injuries and damages for which Invacare may be held liable were the result of plaintiff's misuse or abuse of the product.

### Fourth Affirmative Defense

5. If plaintiff sustained injuries or damages, or if Invacare is held liable therefore, they were caused in whole or in part by the acts or omissions of persons other than Motion Concepts, over whom Motion Concepts had no control, or by superseding and intervening causes outside the control of Motion Concepts.

### Fifth Affirmative Defense

6. If plaintiff sustained the injuries, they were caused by the negligence of persons over whom Motion Concepts was not obligated to exercise supervision or control.

### Sixth Affirmative Defense

7. Any products manufactured or assembled by Motion Concepts was in conformity with the state of the art for the manufacture, design, testing, labeling and promotion of similar products

.
### Seventh Affirmative Defense

8. Invacare's and plaintiff's claims are barred based upon a balancing of risk and utility factors.

### Eighth Affirmative Defense

9. The federal government has totally or partially preempted the field of law concerning the product referred to in the complaint; and the product was in compliance with the law.

### Ninth Affirmative Defense

10. The liability of Motion Concepts to any party for non economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### Tenth Affirmative Defense

11. If plaintiff recover a verdict or judgment against Motion Concepts, the verdict or judgment must be reduced pursuant to C.P.L.R. 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### Eleventh Affirmative Defense

12. Plaintiff's claims and Invacare's crossclaims are barred or diminished because of the failure of plaintiff or Invacare to preserve evidence.

Wherefore, Motion Concepts demands judgment dismissing the action and all crossclaims asserted against Motion Concepts, and granting Motion Concepts judgment against codefendants on its crossclaims, with costs, disbursements, interest and attorneys' fees.

Dated:  New York, New York
        August 20, 2008

LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York, New York  10271
212  964-6611
Attorneys for Defendant/Third-Party Plaintiff
Motion Concepts, L.P. s/h/a Motion Concepts, LLC

/S/
_____
Lawrence R. Green

TO:

Richard S. Vecchio, Esq.
Worby Groner Edelman, LLP
11 Martine Avenue, Penthouse
White Plains, New York 10606
914 686-3700
Attorneys for Plaintiff

Scott L. Haworth, Esq.
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
212 898-4017
Attorneys for Defendant Invacare Corporation

George S. Hodges, Esq.
Hodges, Walsh & Slater, LLP
55 Church Street, Suite 211
White Plains, NY 10601
914 385-6000
Attorneys for Defendant Praxair Healthcare Services, Inc.
s/h/a Praxair Technology, Inc.