UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JESSE SAHAGUN,                                       Case No.: 08 CV 5052

                      Plaintiff,

  -against-

INVACARE CORPORATION, IN MOTION CONCEPTS,
LLC., and PRAXAIR TECHNOLOGY, INC.

                      Defendants.
------------------------------------------------------------------x   DEFENDANT PRAXAIR,
                                                                                                     INC.'S
MOTION CONCEPTS, L.P. s/h/a IN MOTION               FIRST REQUEST FOR THE
CONCEPTS, LLC,                                       PRODUCTION OF
                                                                                                      DOCUMENTS

                      Third-Party Plaintiff,

  -against-

ACCESSIBLE VANS AND MOBILITY OF NY, LLC,
E-Z LOCK, INC. and BAN PRECISION, INC.,

                      Third-Party Defendants.
------------------------------------------------------------------x

     Pursuant to Federal Rule of Civil Procedure 34, Defendant Praxair, Inc., hereby requests that Plaintiff produce the following documents within thirty days of service hereof.

<strong><u>DEFINITIONS AND INSTRUCTIONS</u></strong>

    1.    The "occurrence" means the occurrence that forms the basis of Plaintiff's Complaint against Defendant.

    2.    The term "document" or "documents" is comprehensive and includes, but is not limited to, all written, electronic, graphic, audio or visual or other recorded matter of every kind and description, however produced or reproduced.

3. The term "wheelchair" means the wheelchair involved in the occurrence and referred to in Plaintiff's complaint.

4. "Communications" means the transmittal of any information, whether by oral, written, or electronic means.

5. "Person" or "persons" means natural persons, entities, proprietorships, partnerships, joint ventures, corporations, private and governmental organizations, groups, associations, subdivisions and departments, and trusts, and the representatives of each of the foregoing.

6. The terms "Plaintiff," "You," and "Your" mean Jesse Sahagan.

## PRODUCTION REQUESTS

1. Any and all accident reports or records of the occurrence.

2. Any and all photographs, slides, videotapes, and the like purporting to depict any injuries or conditions allegedly sustained by Plaintiff.

3. Any and all photographs, motion pictures, slides, or videotapes of the wheelchair, the scene of the occurrence specified in Plaintiff's Complaint and/or any component or the wheelchair.

4. Any and all statements, whether written, oral, tape recorded, notes to a conversation or any other memorialization whatsoever, whether signed or unsigned, from each person who witnessed or claims to have witnessed the occurrence specified in the complaint, or was present at the time of or immediately after the occurrence, or who has or claims to have knowledge of any of the facts of the occurrence or of the cause of the occurrence.

5. Any and all statements, whether written, oral, tape recorded, notes to a conversation or any other memorialization whatsoever, whether signed or unsigned, of any

party to this action or any agent of a party, regarding the occurrence specified in Plaintiff's complaint.

6. Any and all medical records or other documents or records referring or relating to the physical and mental condition of Plaintiff before and after the alleged occurrence, including *inter alia* injuries sustained in other accidents. Include all prior and subsequent records of requests for sick time or for medical compensation at work, and records of prior and subsequent treatment or surgery from any medical or health professional.

7. Any and all documents referring or relating to any worker's compensation claim made by Plaintiff in connection with the occurrence.

8. Any manuals, instructions or other documents that accompanied the wheelchair when it was first acquired.

9. Any and all documents reflecting monetary loss to Plaintiff as a result of the alleged occurrence, including, but not limited to, any and all medical and hospital expenses incurred and past and future wage loss claimed.

10. Copies of state and federal income tax returns Plaintiff for the years 2003-2007, including all schedules and attachments.

11. Any records or documents referring or relating to any repairs, service, modifications or alteration of the wheelchair at any time.

12. Any and all non-privileged documents or correspondence related or referring to Plaintiff's claim for alleged injuries and damages.

13. Any and all documents in Plaintiff's possession generated or written by any Defendant or third-party defendant in this case.

14. All documents Plaintiff intends to introduce at trial of this matter.

15. Any and all documents, reports, summaries or other documents prepared, reviewed, relied upon, or which may be reviewed or relied upon, by all persons Plaintiff intends to call as experts or opinion witnesses at trial or any other persons requested to examine the scene of the occurrence.

16. Copies of any and all documents referred to in preparing responses to or identified in response to Praxair's First Set of Interrogatories to Plaintiff.

DATED:   White Plains, New York
         September 2, 2008

*George S. Hodges (l/n)*
George S. Hodges, Esq. (4573)
HODGES WALSH & SLATER, LLP
Attorneys for Defendant/Third-Party Plaintiff,
Praxair Technology, Inc.

55 Church Street, Suite 211
White Plains, New York 10601
(914) 385-6000

To:

**WORBY GRONER EDELMAN LLP**
Attorneys for Plaintiff
11 Martine Avenue, Penthouse
White Plains, New York 10606
(914) 686-3700

**LESTER SCHWAB KATZ & DWYER, LLP**
Attorneys for Co-Defendant
Motion Concepts, LP
120 Broadway, 38th Floor
New York, New York 10271
(212) 964-6611

**SEDGWICK, DETERT, MORAN & ARNOLD, LLP**
Attorneys for Co-Defendant
Invacare Corporation
125 Broad Street, 39th Floor

New York, New York 10004-2400
(212) 422-0202

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             SS.:)
COUNTY OF WESTCHESTER   )

LAURA MALFETANO being duly sworn, deposes and says:

I am employed by the law firm of HODGES, WALSH & SLATER, LLP, counsel for Defendant in the above action and I am over the age of 18 years and I am not a party to this action. On September 2nd, 2008 I served a true copy of the annexed Defendant Praxair, Inc.'s First Request For the Production of Documents in the following manner: by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the last known address of all attorneys in this action as indicated below:

TO:

**WORBY GRONER EDELMAN LLP**
Attorneys for Plaintiff
11 Martine Avenue, Penthouse
White Plains, New York 10606
(914) 686-3700

**LESTER SCHWAB KATZ & DWYER, LLP**
Attorneys for Co-Defendant
Motion Concepts, LP
120 Broadway, 38th Floor
New York, New York 10271
(212) 964-6611

**SEDGWICK, DETERT, MORAN & ARNOLD, LLP**
Attorneys for Co-Defendant
Invacare Corporation
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202

_____
LAURA MALFETANO

Sworn to before me this
2nd Day of September, 2008

_____
Notary Public

LEICIA GRANT
Notary Public - State of New York
No. 02GR6173546
Qualified in Westchester County
Commission Expires August 27, 2011